IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AYISHA BENHAM,

    Plaintiff,

v.

AMERICAN SERVICING CO., et al.,

    Defendants.

No. C 09-01099 JSW

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS**

Now before the Court are the motions to dismiss the first amended complaint filed by Defendants WMC Mortgage, LLC, the successor in interest to and erroneously sued as WMC Mortgage Group Corporation ("WMC") and Wells Fargo Bank, N.A. d/b/a America's Servicing Company ("ASC"). Having carefully considered the parties' arguments and relevant legal authority, the Court hereby GRANTS IN PART AND DENIES IN PART Defendants' motions to dismiss, in part with leave to amend and in part with prejudice.

**BACKGROUND**

Plaintiff is a homeowner residing at 3801 Painted Pony Way, Richmond, County of Contra Costa in the State of California. (First Amended Complaint ("FAC") at ¶ 7.) Plaintiff brings this action for damages relating to a residential mortgage loan transaction over the residential property. Plaintiff alleges that defendant ASC is a "diversified financial marketing and services corporation engaged primarily in residential mortgage banking and related businesses." (*Id.* at ¶ 8.) Plaintiff alleges that defendant WMC was the "original lender originating plaintiff's mortgage in question." (*Id.* at ¶ 13.)

The Court will address further facts as necessary in the remainder of this order.

## ANALYSIS

**A.     Applicable Legal Standard on Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiffs must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 2009 WL 1361536 at *12 (May 18, 2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. ... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.     WMC's and ASC's Motions to Dismiss.**

Defendant WMC moves to dismiss Plaintiff's first amended complaint and/or to strike claims and allegations from the complaint on several different grounds. Defendant ASC moves

on some similar and some alternate grounds to dismiss the claims pending against it. The Court will address each argument in turn, by each cause of action.

### 1. Truth in Lending Act Cause of Action.

WMC argues that the first cause of action for violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. ("TILA"), fails to state a claim upon which relief may be granted because WMC made all of the required disclosures, the claim for damages is barred by 15 U.S.C. § 1640(e), and rescission cannot be granted as Plaintiff has failed to demonstrate the ability to tender. *See Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171-73 (9th Cir. 2003).

ASC also seeks to dismiss the first cause of action pending against it for violation of TILA on the ground that the claim is barred, rescission cannot be granted, and TILA only applies to creditors, not to ASC as a loan servicer.

WMC asks the Court to take judicial notice of the documents allegedly signed by Plaintiff indicating that she received the disclosures from WMC required under TILA. However, the Court does not find the documents appropriate for judicial notice and must accept as true the allegations made in the complaint. *See* Fed. R. Evid. 201(b); *Sanders,* 794 F.2d at 481. The Court also does not find persuasive WMC's argument that the claim is barred by the statute of limitations, because the limitations period would not run if the disclosures were not properly made. However, the Court finds that rescission may be conditioned upon the borrower's ability to repay the loan proceeds. *See Yamamoto*, 329 F.3d at 1171-73. Further, the Court is not persuaded by Plaintiff's mere contention that the Court should exercise its equitable discretion to modify the rescission process to allow rescission in the absence of a showing that Plaintiff can tender the loan amount. *See, e.g., Palmer v. Wilson*, 502 F.2d 860, 862 (9th Cir. 1974) (noting that in "deciding whether to condition rescission, the district court should look at the 'equities present in a particular case, as well as consideration of the legislative policy of full disclosure that under the Truth in Lending Act and the remedial-penal nature of the private enforcement provisions of the Act'"). Plaintiff has not made either a showing of ability to tender or a showing of why the Court should exercise its discretion to waive the requirement in this particular case. *See Mangindin v. Washington Mut. Bank*, 637 F.

Supp. 2d 700, 706 (N.D. Cal. 2009) (granting motion to dismiss TILA rescission claim where plaintiffs failed to allege that they attempted to tender or are capable of tendering the value of the property and failed to allege that such equitable circumstances exist that conditioning rescission on any tender would be inappropriate). Accordingly, the Court GRANTS WMC's motion to dismiss the first cause of action with leave to amend in order to allow Plaintiff to make a showing of her ability to tender the loan amount or why, in this particular case, the balance of equities weighs in favor of waiving that requirement.

ASC's contention that the claim is barred by the limitations period is similarly unpersuasive. However, its claim that Plaintiff must demonstrate ability to tender is similarly persuasive. Regardless, there are no facts in the complaint indicating ASC qualifies as a creditor and Plaintiff does not dispute that ASC is not a creditor subject to TILA.. *See, e.g., Boles v. Merscorp, Inc.*, 2008 WL 5225867, *3 (C.D. Cal. Dec. 12, 2008) ("Since Plaintiff has alleged no facts to support a determination the [loan servicer] CLC comes within the statutory definition of 'creditor' under TILA, this Court finds that CLC is not subject to the disclosure requirements of TILA.") Accordingly, the Court GRANTS ASC's motion to dismiss the first cause of action for violation of TILA against ASC without leave to amend.

### 2. Real Estate Settlement Procedure Act Cause of Action.

WMC argues that the third cause of action for violation of the Real Estate Settlement Procedure Act, 12 U.S.C. § 2605 ("RESPA"), fails to state a claim upon which relief may be granted because WMC neither owned nor was servicing Plaintiff's loan at the time Plaintiff made her qualified written request. Plaintiff alleges that on March 3, 2009, she made a qualified written request upon Defendant ASC and that WMC violated 12 U.S.C. § 2608(b) by failing to provide a timely response. However, Plaintiff also alleges that WMC sold her loan almost two years earlier on July 2, 2007. (*See* FAC ¶ 33.) Therefore, according to Plaintiff's own pleading, WMC did not have any legal interest in the loan at the time the request was made. Accordingly, the Court GRANTS EMC's motion to dismiss the third cause of action with prejudice as there are no facts that are not contrary to those already pled that may give rise to a cause of action under RESPA.

4

ASC also seeks to dismiss the third cause of action pending against it for violation of RESPA on the ground that Plaintiff has not adequately alleged that her letter dated March 3, 2009 met the specific statutory requirements to constitute a Qualified Written Request and that the claim of failure to respond is premature as the complaint was filed only about a week after the letter was mailed. The Court finds that Plaintiff has adequately pled that she sent a Qualified Written Request and, at this point, the claim is ripe. Accordingly, the Court DENIES ASC's motion to dismiss the third cause of action against it for violation of RESPA.

### 3. Breach of Fiduciary Duty/Negligence Causes of Action.

WMC argues that the fourth cause of action for breach of fiduciary duty and the tenth cause of action for negligence fail to state claims upon which relief may be granted as WMC acted strictly as a lender and owed no duty to Plaintiff as a matter of law. *See Nymark v. Heart Federal Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095-96 (1991) (holding that lender owes no duty of care to a borrower when the institution's involvement in the transaction does not exceed the scope of its conventional role as a mere lender of money). The elements of a cause of action for negligence or breach of fiduciary duty require the existence of a legal duty, to exercise reasonable care or to act as a fiduciary. *See, e.g., Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998); *Nymark*, 231 Cal. App. 3d at 1096 ("The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence."); *see also Shopoff & Cavallo LLP v. Hyon*, 167 Cal. App. 4th 1489, 1509 (2008) (holding that a plaintiff must demonstrate the existence of a fiduciary relationship, breach of that duty and damages). The "question of the existence of a legal duty of care ... presents a question of law which is to be determined by the courts alone." *First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 987 (9th Cir. 2000).

In response, Plaintiff contends that a lender may be held liable where they directly train, order or authorize tortuous conduct of loan brokers. (Opp. Br. at 12, citing *Wyatt v. Union Mortgage Co.,* 24 Cal. 3d 773, 785 (1979) and *Barry v. Raskov*, 232 Cal. App. 3d 447, 455 (1991).) However, Plaintiff fails to allege any such training, ordering or authorization in the complaint. Accordingly, the Court GRANTS WMC's motion to dismiss the fourth cause of

5

action for breach of fiduciary duty and the tenth cause of action for negligence for failure to state a duty that was owed and breached. The Court grants the motion on these causes of action with leave to amend in order to allow Plaintiff to make a showing regarding such a duty, if such a duty may indeed be pled.

ASC also argues that the fourth cause of action for breach of fiduciary duty and the tenth cause of action for negligence fail to state claims upon which relief may be granted as there are no allegations that ASC acted beyond the scope of its conventional role as a mere lender of money. *See Nymark*, 231 Cal. App. 3d at 1095-96 (holding that lender owes no duty of care to a borrower when the institution's involvement in the transaction does not exceed the scope of its conventional role as a mere lender of money). Similarly, the Court GRANTS ASC's motion to dismiss the fourth cause of action for breach of fiduciary duty and the tenth cause of action for negligence for failure to state a duty that was owed and breached. Again, the Court grants ASC's motion as to these causes of action with leave to amend to make a showing of the existence of such a duty, provided such a duty may indeed be pled.

### 4. Fraud Cause of Action.

WMC argues that the fifth cause of action for fraud fails to state facts to constitute a claim for fraud. WMC contends that the complaint does not allege any direct misrepresentations made by WMC to Plaintiff concerning the terms and conditions of the subject loan. Rather, the alleged misrepresentations are alleged to have been made by other defendants, none of whom the complaint properly or adequately alleges were agents of WMC. WMC argues that the complaint fails to specify any fraudulent misrepresentations and does nothing more than lump all of the defendants together and "indiscriminately charge them with the fraud without identifying the role each Defendant independently played." (Br. at 11.)

ASC makes essentially the same argument regarding the fraud cause of action pending against it and asserts that Plaintiff fails to set out particularized facts giving rise to a claim for fraud against it.

According to Federal Rule of Civil Procedure 9(b), "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

6

However, Rule 9(b) particularity requirements must be read in harmony with Federal Rule of Civil Procedure 8's requirement of a "short and plain" statement of the claim. Thus, the particularity requirement is satisfied if the complaint "identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989); *see also Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) ("Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.") (internal quotation marks and citations omitted).

Although "there is no absolute requirement that where several defendants are sued in connection with an alleged fraudulent scheme, the complaint must identify *false statements* made by each and every defendant. 'Participation by each conspirator in every detail in the execution of the conspiracy is unnecessary to establish liability, for each conspirator may be performing different tasks to bring about the desired result.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (emphasis in original) (citing *Beltz Travel Service, Inc. v. International Air Transport Ass'n,* 620 F.2d 1360, 1367 (9th Cir. 1980)). "On the other hand, Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Id.* (citing *Haskin v. R.J. Reynolds Tobacco Co.,* 995 F. Supp. 1437, 1439 (M.D. Fla. 1998) (citation, quotation omitted).) In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, "identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme." *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 541 (9th Cir. 1989).

Here, Plaintiff opposes WMC's motion by citing paragraphs 21, 22, 26 through 31, 38 and 40 through 46 of the complaint, to support the contention that she has "identified circumstances that constitutes [sic] fraud that allow defendant to prepare an adequate answer." (WMC Opp. Br. at 12.) However, the cited paragraphs relate to allegations of general conduct

7

alleged to have occurred by lenders in general or by other defendants. The only specific details underlying the fraud claim relate to conduct by Plaintiff's mortgage brokers who were employed by defendant Paramount Financial, Inc., not defendant WMC. Because the fraud cause of action against WMC fails to state facts sufficient to meet the requirements of Rule 9(b), the Court GRANTS WMC's motion to dismiss the fifth cause of action for fraud with leave to amend to plead sufficient facts to support such a claim.

In opposition to ASC's motion to dismiss, Plaintiff contends that in pursuing the foreclosure, ASC represented that they have the right to payment under the note, secured by the deed of trust. (ASC Opp. Br. at 13.) However, the loan servicer has the right, and indeed the obligation, to collect payments due under the note and deed of trust. (*See* ASC Request for Judicial Notice ("RJN"), Ex. A at 11, § 20.)[1] Plaintiff has failed to allege sufficient facts that ASC made representations that were false or misleading or showing who, when, where and how these allegedly false statements were made. Accordingly, because the fraud cause of action against ASC fails to state facts sufficient to meet the requirements of Rule 9(b), the Court GRANTS ASC's motion to dismiss the fifth cause of action for fraud with leave to amend to plead sufficient facts to support such a claim.

**5. California Business and Professions Code Section 17200 Cause of Action.**

WMC argues that the sixth cause of action fails to state facts to constitute a claim for violation of California Business and Professions Code § 17200 because Plaintiff has failed to allege any unfair or fraudulent business practice in which WMC engaged with the origination of the subject loan. Further, WMC contends that Plaintiff has failed to allege that she has suffered any harm by reason of any conduct by WMC and thus lacks standing to bring a claim under California's Unfair Competition Law.

Similarly to the underlying causes of action, Plaintiff shall be given leave to amend in order to fashion claims that may serve as underlying causes of action for an unfair competition

---

[1] ASC requests that this Court take judicial notice of the original deed of trust dated March 22, 2006 securing a loan to Plaintiff which was recorded with the Contra Costa Recorder. (ACS RJN, Ex.A.) Such a recorded document is subject to judicial notice. *See* Fed. R. Evid. 201(b).

8

claim. In addition, the Court finds that in its current iteration, the first amended complaint does not state that Plaintiff suffered harm as a result of, or that any injury was caused by, the alleged unfair competition of defendants. To the extent such facts are available to Plaintiff, she must plead that she "has suffered injury in fact and has lost money or property as a result of the unfair competition." *See* Cal. Bus. & Prof. Code § 17203. Accordingly, the Court GRANTS WMC's motion to dismiss the sixth cause of action for violation of California Business and Professions Code § 17200 with leave to amend.

ASC similarly argues that because there are no viable causes of action to support a claim for unfair competition, the sixth cause of action fails. However, because the Court finds that Plaintiff has sufficiently alleged a claim under RESPA, she may proceed on her claim against ASC for unlawful business practices under Section 17200. Accordingly, the Court DENIES ASC's motion to dismiss the sixth cause of action for violation of California Business and Professions Code § 17200.

### 6. Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing Causes of Action.

WMC argues that the seventh cause of action for breach contract and the eighth cause of action for breach of the implied covenant of good faith and fair dealing fail to state claims upon which relief may be granted as they do not comply with the minimum pleadings standard set forth in Federal Rule of Civil Procedure 8(a). WMC contends that the claims fail to state when the contract was entered into, who were parties to the contract, what were the specific terms and conditions of the contract that were breached, when and how the breach occurred and the damages sustained by Plaintiff as a result of the breach. Plaintiff responds by asserting that the first amended complaint alleges that Defendants promised her a 6% loan with the payment less than $2,500 per month. (FAC ¶ 27.) Further, the complaint alleges that Defendants advised Plaintiff that, while the loan was an adjustable rate loan, if it ever became unaffordable, they would simply refinance it into an affordable loan. (*Id.*)

However, these claims alleged in the complaint pertain to an oral agreement between Plaintiff and her mortgage brokers, not WMC. There is no legal argument or factual predicate for the proposition that WMC is liable for such an oral contract allegedly made by mortgage

brokers who were employees of Defendant Paramount Financial, Inc., not WMC. Accordingly, WMC's motion to dismiss the seventh cause of action for breach contract and the eighth cause of action for breach of the implied covenant of good faith and fair dealing is GRANTED with leave to amend to state facts supporting a claim for breach of contract against WMC.

ASC also contends that Plaintiff's breach of contract claims are targeted at the originating loan officers and lenders, not ASC. Plaintiff, however, contends that ASC falsely represented that it had the right to enforce the loan and demand money from Plaintiff even though it did not own the mortgage note. (FAC ¶ 104.) However, according to the deed of trust, ASC had the right to enforce the mortgage and was not required to possess the note itself prior to commencement of foreclosure proceedings. (ASC RJN, Ex. A at 12, § 22.) As currently pled, the complaint attempts to allege a breach of contract in the loan origination, not its servicing. Plaintiff has failed to state sufficient facts to support a breach of contract, or breach of the implied covenant of faith and fair dealing against defendant ASC. Accordingly, the Court GRANTS ASC's motion to dismiss the seventh and eighth causes of action with leave to amend to state facts supporting a breach of contract against ASC.

### 7. Wrongful Foreclosure Cause of Action.

WMC argues that the ninth cause of action for wrongful termination fails to allege sufficient facts to state a claim upon which relief may be granted. WMC contends that, according to the complaint, it sold the note and deed of trust before the efforts to foreclose on the subject property commenced. In response, Plaintiff contends that she has alleged a conspiracy to engage in foreclosure efforts and will need discovery to uncover the chain of custody over which defendant was responsible for the foreclosure efforts.

However, because the complaint alleges that WMC was not in possession of the loan at the time of the attempted foreclosure and the complaint does allege that defendant NDEX West, LLC was the party who attempted foreclosure, there are no facts in the current complaint to support the contention that WMC made any effort to wrongfully foreclose on Plaintiff's property. (*See* FAC ¶¶ 33, 48-49.) Accordingly, WMC's motion to dismiss the ninth cause of action for wrongful foreclosure is GRANTED without leave to amend.

10

ASC argues that the Court should dismiss Plaintiff's ninth cause of action for wrongful foreclosure based on fact that the current contentions in the complaint do not allege that ASC was prohibited from initiating or pursuing foreclosure as a result of its status as neither a "trustee, mortgagee, beneficiary, or any of their authorized agents." (ASC Opp. Br. at 17; Reply at 7-8.) To the extent Plaintiff wishes to pursue a claim for wrongful foreclosure based on this theory, she must plead such facts in an amended complaint. Accordingly, the Court GRANTS ASC's motion to dismiss the ninth cause of action for wrongful disclosure with leave to amend.

### 8. Rosenthal Act Cause of Action.

ASC argues that the second cause of action for violation of California's Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788 *et seq.* ("Rosenthal Act"), fails to allege sufficient facts to state a claim upon which relief may be granted. ASC contends that the claims under the Rosenthal Act are far too broad and conclusory – that ASC used "unfair and unconscionable means" in collecting Plaintiff's debt – to state a cause of action. (FAC ¶ 65.) In response, Plaintiff contends that she has alleged that ASC took payments they were not entitled to, charged fees they were not allowed to charge, and made or otherwise authorized reporting to various credit bureaus wrongfully. (*See* Opp. Br. at 11, citing FAC ¶ 133.) Further, Plaintiff has alleged that ASC falsely stated the amount of a debt, increased the amount of a debt by including amounts not permitted by law or contract, and used unfair and unconscionable means in an attempt to collect a debt. (*Id.*, citing FAC ¶ 65.) To the extent the factual allegations in paragraph 133 are meant to be incorporated into Plaintiff's cause of action under the Rosenthal Act, those later paragraphs are not currently incorporated into the earlier cause of action. Further, the current complaint does not set out specific sections of the Rosenthal Act that Plaintiff alleges ASC violated. Therefore, the Court GRANTS ASC's motion to dismiss the second cause of action for violation of the Rosenthal Act with leave to amend to plead sufficient facts to support such a claim as well as the specific provisions of the Act that Plaintiff alleges to have been violated.

**B.     WMC's Motion to Strike.**

Federal Rule of Civil Procedure 12(f) provides that a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *California Dept. of Toxic Substance Control v. ALCO Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted). Impertinent material "consists of statements that do not pertain, or are not necessary to the issues in question." *Id*. Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp 1335, 1339 (N.D. Cal. 1991). The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike. *ALCO Pacific*, 217 F. Supp. at 1028.

WMC requests that this Court strike paragraphs 20 through 22 of the first amended complaint as immaterial, impertinent and scandalous under Rule 12(f). These paragraphs refer merely to the general lending practice beginning in 1998 and do not relate specifically to any of the named defendants in the action. Further, Plaintiff fails to oppose the request to strike these paragraphs. The Court finds them immaterial and GRANTS WMC's motion to strike them pursuant to Rule 12(f).

WMC also requests that the Court strike the punitive damage allegations in paragraphs 61 and 115 of the first amended complaint are such relief is impermissible as a matter of law. Because the claims for punitive damages are not legally available to Plaintiff in its current pleading, and because Plaintiff fails to oppose the request to strike them, the Court GRANTS WMC"s motion to strike the paragraphs referencing punitive damages pursuant to Rule 12(f).

**CONCLUSION**

For the reasons set forth in this Order, Defendants' motions to dismiss are GRANTED IN PART AND DENIED IN PART, in part with leave to amend, in part without leave to amend.

Plaintiff may file any amended complaint, in compliance with this Order, within thirty days of the date of this Order. If Plaintiff does not file an amended complaint within thirty days, this case shall be dismissed. If an amended complaint is filed, Defendants shall either file an answer or move to dismiss within twenty days of service of the amended complaint.

**IT IS SO ORDERED.**

Dated: November 30, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE