United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AYISHA BENHAM,

    Plaintiff,

v.

AMERICAN SERVICING CO., et al.,

    Defendants.

No. C 09-01099 JSW

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS AND DISMISSING STATE CLAIMS FOR LACK OF JURISDICTION**

Now before the Court are the motions to dismiss the second amended complaint filed by Defendants WMC Mortgage, LLC, the successor in interest to and erroneously sued as WMC Mortgage Group Corporation ("WMC") and Wells Fargo Bank, N.A. d/b/a America's Servicing Company ("ASC"). The Court finds the matter suitable for disposition without oral argument and VACATES the hearing set for April 23, 2010. *See* N.D. Civ. L.R. 7-1(b). Having carefully considered the parties' arguments and relevant legal authority, the Court hereby GRANTS IN PART Defendants' motions to dismiss and DISMISSES the remaining state claims for lack of jurisdiction.

**BACKGROUND**

Plaintiff is a homeowner residing at 3801 Painted Pony Way, Richmond, County of Contra Costa in the State of California. (Second Amended Complaint ("SAC") at ¶ 7.) Plaintiff

1 brings this action for damages relating to a residential mortgage loan transaction over the
2 residential property. Plaintiff alleges that defendant ASC is a "diversified financial marketing
3 and services corporation engaged primarily in residential mortgage banking and related
4 businesses." (*Id.* at ¶ 8.) Plaintiff alleges that defendant WMC was the "original lender
5 originating plaintiff's mortgage in question." (*Id.* at ¶ 10.)

6 The Court will address further facts as necessary in the remainder of this order.

## ANALYSIS

**A.    Applicable Legal Standard on Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiffs must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 2009 WL 1361536 at *12 (May 18, 2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. ... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton*

2

*Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.   WMC's and ASC's Motions to Dismiss.**

Defendant WMC moves to dismiss Plaintiff's first amended complaint and/or to strike claims and allegations from the complaint on several different grounds.  In response to the motions, Plaintiff requests that the Court take notice that Plaintiff does not oppose Defendants' motions to dismiss the only federal causes of action, claims for violations of the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA").  Plaintiffs request that the Court dismiss these causes of action, in their entirety, without prejudice.  Having been given three opportunities to address the federal claims, the Court dismisses the only federal claims in this case with prejudice.

The remaining causes of action in this matter are all state claims.  A district court may decline to exercise supplemental jurisdiction in a case arising from a common nucleus of operative fact where (1) a novel or complex issue of state law is raised; (2) the claim substantially predominates over the federal claim; (3) the district court dismisses the federal claims; or (4) under exceptional circumstances.  *See* 28 U.S.C. § 1367(c).  This Court may decline to exercise supplemental jurisdiction over the state law claims where it has dismissed the federal claims and where state law issues predominate.  *See Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).  In determining whether to exercise supplemental jurisdiction, courts should consider the issues of "economy, convenience, fairness, and comity." *Id.* at 1001 (citations omitted).  Courts may decline to exercise supplemental jurisdiction where federal claims are eliminated before trial.  *See Carnegie-Mellon University v. Cohill*, 484 U.S. 342, 350 (1988).

Here, the Court determines that, having dismissed the federal claims and finding that state law issues predominate, it should decline to exercise supplemental jurisdiction over the

3

state law claims. The remaining claims are therefore dismisses without prejudice to refiling in state court.[1]

## CONCLUSION

For the reasons set forth in this Order, Defendants' motions to dismiss the federal claims are GRANTED and the state claims are DISMISSED for lack of jurisdiction without prejudice to refiling the claims in state court.

**IT IS SO ORDERED.**

Dated: April 15, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Defendant NDEx West, LLC filed a notice of joinder, relying on ASC's motion. There are similarly no federal claims pending against NDEx.

4